```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

Stephen Ham

    v.                                    Case No. 14-cv-135-SM
                                             Opinion No. 2014 DNH 105

Kathleen Anderson, et al.


## O R D E R

Stephen Ham, a prisoner at the New Hampshire State Prison, has filed a complaint (doc. no. 1) alleging that prison conditions in his cell created a hazard and caused him injury, and that he received inadequate medical care for his serious injury, in violation of his rights under the Eighth Amendment of the United States Constitution, and state tort law.  The matter is before the court for preliminary review pursuant to 28 U.S.C. § 1915A(a).


**Standard**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor,

723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Background**

On November 28, 2013, Sgt. Duprey of the New Hampshire State Prison placed Ham in a cell with a broken bed frame. The damage to the frame created two sharp edges on the frame, where one would ordinarily get on and off the bed. On December 1 or 2, 2013, Ham scratched his leg on one of the sharp edges. Medical personnel cleaned and bandaged his cut at the infirmary and Ham returned to his cell. After the incident, Corrections Officer Joseph O'Brian wrote an incident report concerning Ham's injury and cell conditions.

On December 9, 2013, Ham again cut himself on one of the sharp metal edges, and received a 3½-inch long laceration that bled heavily. Ham was treated by several people at the prison infirmary. NHSP medical personnel decided to close Ham's laceration with a "glue medical bond." Ham alleges that thirty minutes after the glue was applied, his cut started to reopen, and he returned to the infirmary to have his cut taped closed and rebandaged. Ham alleges that he has a sizeable scar on his leg where he was cut. Ham also alleges that after his injury, a corrections official moved him to a different cell.

**Discussion**

I.  Eighth Amendment Claims

   A.  Cell Condition

Ham alleges that defendants knowingly housed him in a cell that, due to the exposed sharp metal edge on his bedframe, subjected him to an unreasonable risk of harm. The constitution requires prison officials to take "reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832-33. To establish unconstitutional endangerment, an inmate must assert facts to demonstrate that, objectively, he was incarcerated "under conditions posing a substantial risk of serious harm," and that the involved prison officials knew of and disregarded the excessive risk to the inmate's safety. Id. at 834.

Ham alleges generally that defendants were aware of the dangerous condition in his cell but failed to remedy the hazard, resulting in Ham's continued exposure to the sharp edge that caused his more serious injury. However, Ham has not alleged facts to show that defendants Kathleen Anderson, the Unit Manager on Ham's unit, Sgt. Duprey, the officer who initially placed Ham in the cell in question, and Lisa Savage, the medical care provider who treated Ham after his second injury, had any knowledge of the sharp edges and the risk of harm, and failed to

take reasonable steps to correct it.  Ham does state that Corrections Officer Joseph O'Brian was aware of the first injury and thus the risk that Ham was subject to future injury.  Ham also states that O'Brian responded to the situation by writing an incident report concerning Ham's injury and cell conditions.  The court cannot therefore infer that O'Brian disregarded a risk to Ham's safety, or that O'Brian failed to respond to the situation in a reasonable manner.  Ham has failed to plead any facts that show that any defendant acted with deliberate indifference in disregarding a known risk to Ham's safety, and Ham has thus failed to assert a claim that his Eighth Amendment rights were violated, relative to his cell conditions.

    B.   <u>Medical Care</u>

Ham complains that the use of a glue bond that failed to hold violated his Eighth Amendment right to adequate medical care.  Nothing in the complaint indicates, however, that Ham's medical care was inadequate, or that any defendant was deliberately indifferent to any substantial risk of harm.  Ham alleges that each time he was injured, he received prompt medical attention and treatment.  Ham has thus failed to state any claim asserting an unconstitutional deprivation of adequate medical care.

4

II.  <u>State Law Claims</u>

Ham alleges that the defendants' acts which form the basis of his asserted Eighth Amendment claims also constitute negligence under state law.  Because Ham has failed to state any federal claim for relief, the court declines to exercise its supplemental jurisdiction over the state law claims.  See 28 U.S.C. § 1367.  Nothing in this order prevents Ham from litigating his negligence claims in the state courts.

**Conclusion**

For the foregoing reasons, the court finds that Ham has failed to state a federal constitutional claim upon which relief may be granted, and is therefore subject to dismissal under § 1915A(a).  Accordingly, Ham is granted leave to file an amended complaint within thirty days of the date of this order, stating plausible federal claims arising out of the facts alleged.  If Ham fails to comply with this order, this action will be dismissed without prejudice for failure to state a plausible federal claim, and the state claims will be dismissed without prejudice to refiling in state court.

**SO ORDERED.**

_/s/ Steven J. McAuliffe_
Steven J. McAuliffe
United States District Judge

May 8, 2014

cc: Stephen Ham, pro se

SM:jba